IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

RAYMOND JOHNSON,

 Plaintiff,

v.              Case No.: GJH-15-3321

RITE AID,

 Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Johnson originally commenced the above-captioned matter in the District Court of Maryland for Prince George's County, Maryland, alleging multiple causes of action stemming from his allegation that Defendant Rite Aid stole his debit card information and made unauthorized charges. ECF No. 2 at 2. Shortly thereafter, Defendant removed the action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 1. Presently before the Court is Plaintiff's Motion to Remand the case to the District Court for Prince George's County, ECF No. 10,[1] Defendant's Motion to Dismiss, ECF No. 13, and Plaintiff's Motion to Strike, ECF No. 15. For the reasons that follow, the Court will grant Plaintiff's Motion to Remand and the remaining motions will be terminated.

**I.  BACKGROUND**

In the Complaint, Plaintiff alleges that Defendant, among other things, made unauthorized charges using Plaintiff's debit card number and Plaintiff's bank account, used

---

[1] Plaintiff filed what was styled as an Amended Motion to Remand on November 9, 2015. ECF No. 16. From the substance of Plaintiff's submission, however, it is clear that this filing is a reply to Defendant's response in opposition to his Motion to Remand and the Court will construe it as such.

illegal debit card scanning devices to illegally obtain Plaintiff's bank account funds, placed an illegal debt collection on Plaintiff's online bank account statement, and illegally accessed Plaintiff's sensitive information and used his money without his consent. *See* ECF No. 2 at ¶¶ 1, 6, 7, 8. On the basis of these and other allegations, Plaintiff brings claims of fraud, identity theft, breach of fiduciary duty, misappropriation of funds, defamation, invasion of privacy, misappropriation of name and likeness, and intentional infliction of emotional distress. *See generally* ECF No. 2. Defendant contends that Plaintiff's claims are "based upon" alleged violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*. ECF No. 1 at ¶ 1. Accordingly, Defendant removed the action to this Court, claiming that the EFTA preempts Plaintiff's state law claims. *Id.* at ¶¶ 3–4. Plaintiff, however, indicates that the EFTA appears nowhere in his Complaint, and, accordingly, seeks remand to state court. *See* ECF No. 16.

## II. DISCUSSION

Federal Courts are courts of limited jurisdiction, and a district court must remand any case in which it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *see In Re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Therefore, a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT & T Mobility*, LLC, 530 F.3d 293, 296 (4th Cir. 2008) (internal citation omitted). "Where a defendant seeks to remove a case to federal court, the defendant must simply allege subject matter jurisdiction in his notice of removal." *Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009). "But if the plaintiff challenges removal in a motion to remand, then the burden is on the defendant to '*demonstrat[e]* that removal jurisdiction is proper.'" *Id.* (citing *Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008)) (emphasis in original). Here, Defendant has not met its burden of demonstrating that removal was proper

2

because, despite Defendant's contention, the Complaint does not present a federal question to provide a sufficient basis for removal.[2]

Typically, in order to determine if an action arises under federal law, the Court must apply the well-pleaded complaint rule. *See Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 231 (4th Cir. 1993) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, (1987)). Under the well-pleaded complaint rule, federal jurisdiction only exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Lontz v. Tharp*, 413 F.3d 435, 439 (4th Cir. 2005). "Because [t]he well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction, a plaintiff may avoid federal jurisdiction by exclusive reliance on state law in pleading its case." *Rosciszewski v. Arete Associates, Inc.*, 1 F.3d 225, 231 (4th Cir. 1993) (internal quotation marks and citations omitted).

In this case, in support of removal, Defendant relies on a narrow exception to the well-pleaded complaint rule known as the "complete preemption" doctrine. *See Lontz*, 413 F.3d at 439. That doctrine provides that "if the subject matter of a putative state law claim has been totally subsumed by federal law—such that state law cannot even treat on the subject matter—then removal is appropriate." *Id.* at 439–40. The United States Court of Appeals for the Fourth Circuit has recognized that removal on the basis of complete preemption is "rare." *Id.* at 440; *see also Rosciszewski*, 1 F.3d at 231 n.4 (4th Cir. 1993) (noting that "[t]he Supreme Court has found complete preemption in only a few situations"). Notably, "as a mere defense, the preemptive effect of a federal statute . . . will not provide a basis for removal." *Lontz*, 413 F.3d at 440; *see*

---

[2] Nor does this Court have original jurisdiction under 28 U.S.C. § 1332 because Plaintiff demands only $30,000 in his Complaint. ECF No. 2 at ¶ 11; *see also Delph v. Allstate Home Mortgage, Inc.*, 478 F. Supp. 2d 852, 853–54 (D. Md. 2007) (Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy in excess of 75,000, and "[w]here a plaintiff claims a specific amount in damages that is less than $ 75,000, removal is proper only if the defendant can prove to a legal certainty that the plaintiff would actually recover more than that if she prevailed.").

3

*also Caterpillar*, 482 U.S. at 398 ("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable to federal court.").

To determine whether a state action is completely preempted by federal law, the relevant inquiry is one of Congressional intent. *See Lontz*, 413 F.3d at 441 ("[T]he preempting statute must not only create a federal cause of action, but must also show that Congress intended it to provide the exclusive cause of action for claims of overwhelming national interest." (internal quotation marks and citation omitted)). Here, the EFTA itself expressly states its relation to state law claims:

> [The EFTA] does not annul, alter, or affect the laws of any State relating to electronic fund transfers, dormancy fees, inactivity charges or fees, service fees, or expiration dates of gift certificates, store gift cards, or general-use prepaid cards, except to the extent that those laws are inconsistent with the provisions of this subchapter, and then only to the extent of the inconsistency. A State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection afforded by this subchapter.

15 U.S.C.A. § 1693q. Indeed, as one Court recently noted: "The clear language of the EFTA indicates that Congress did not intend for the Act to provide the exclusive cause of action for claims relating to unauthorized electronic fund transfers." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 553 (5th Cir. 2008). Although Defendant is free to raise a preemption defense in state court, the EFTA, by its own language, does not completely preempt Plaintiff's state law claims relating to the alleged unauthorized electronic fund transfers, and, accordingly, does not provide this Court with federal question jurisdiction. *See id.* at 554 ("The federal courts do not have federal question jurisdiction simply because a federal right was available but was not asserted."); *see also Lontz*, 413 F.3d at 443 (concluding that case should have been remanded to state court

4

where plaintiff's state-law wrongful discharge claims were not completely preempted by the National Labor Relations Act, 29 U.S.C. §§ 157, 158).

### III. CONCLUSION

For the reasons outlined above, Plaintiff's Motion to Remand, ECF No. 10, is **GRANTED** and this case is remanded to the District Court of Maryland for Prince George's County, Maryland. Having remanded Plaintiff's suit to state court, this Court is without jurisdiction to rule to on Defendant's Motion to Dismiss, ECF No. 13, or Plaintiff's Motion to Strike, ECF No. 15. As such, the Clerk shall **TERMINATE** those motions and **CLOSE** this case.

Dated: November 12, 2015

GEORGE J. HAZEL
United States District Judge